

EXHIBIT

8



UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

U.S. COURTHOUSE

600 CHURCH STREET

FLINT, MICHIGAN 48502

CHAMBERS OF
**TERRENCE G. BERG**
UNITED STATES DISTRICT JUDGE

(810) 341-9760

February 26, 2016

The President
The White House
1600 Pennsylvania Avenue, N.W.
Washington, D.C. 20500

      Re:  Petition for Commutation by Dani Hourani
             United States District Court Case No. 95-CR-80071-D2

Dear Mr. President:

      I am writing concerning the petition for commutation of sentence filed by Mr. Dani Hourani, who is currently serving a mandatory sentence of life imprisonment which was imposed on July 31, 1996. Mr. Hourani was convicted in 1995 of conspiracy to kill a federal witness and killing of another person with intent to prevent communication of information to law enforcement and prevent attendance and testimony as an official proceeding.

      I was one of two prosecutors who handled the investigation and trial of Mr. Hourani on these charges. The underlying investigation concerned a long-running heroin trafficking conspiracy lead by Ibrahim Hourani, Dani Hourani's father, dating from 1992 and earlier. When the investigation of Ibrahim Hourani's drug trafficking ring began, Dani Hourani was approximately 18 years of age. I note that Mr. Hourani's clemency application indicates that he became involved in drug trafficking at his father's direction.

      The heroin conspiracy prosecution resulted in the convictions of at least eight defendants, including Ibrahim Hourani, for drug trafficking violations. During the course of the investigation, someone attempted to shoot a cooperating government witness, missed, and killed the person who was with the informant. The cooperating witness escaped.

The subsequent investigation revealed that several individuals involved in the heroin distribution conspiracy were responsible for orchestrating and arranging this murder. The evidence indicated that Dani Hourani had instigated the scheme because his father, Ibrahim Hourani, was in charge of the heroin ring.

A number of those involved in arranging and carrying out the shooting cooperated and provided testimony for the government. Dani Hourani did not testify or cooperate, and elected to go to trial. His father was also charged in the murder conspiracy, but was ultimately convicted of a lesser charge.

During the plea negotiations concerning this case, I recall that plea offers were considered that would have limited Dani Hourani's sentence to a range of approximately 20 years; my recollection is that it was in the range of 16 - 20 years. This offer was under consideration because the case against Mr. Hourani depended primarily on the testimony of other defendants who were providing substantial assistance and testimony for the government. These defendants received sentence reductions for their substantial assistance; the resulting sentences for the cooperating witnesses were between seven and twelve years. One witness testified under a grant of immunity and was not prosecuted. While their testimony indicated that Mr. Hourani was responsible for arranging and funding the plot, several of the cooperating witnesses, who acted as go-betweens to procure a shooter and deliver the money, were more directly connected to the shooter than Dani Hourani was. Because the offense of conviction carried a mandatory minimum sentence of life imprisonment, however, Dani Hourani received that sentence from the Court.

In the last few years, Mr. Hourani has written several letters to me. His attorney shared a large amount of material documenting the substantial efforts Dani Hourani has undertaken to rehabilitate himself while incarcerated. Among many other positive things, he has developed a course for prisoners centered on accepting responsibility and recognizing the damaging and unproductive aspects of drug trafficking and criminal conduct. I have reviewed the materials from this course and believe it would be very helpful for inmates and also for at-risk youth. I have also been made aware of Mr. Hourani's continued efforts at education, charity, and self-improvement during his more than twenty years in prison. Mr. Hourani has created programs for both high school students and prisoners.

I have conferred with Mr. Hourani's sentencing judge, the Honorable Bernard A. Friedman, and I understand he does not object to a commutation of sentence. Judge Friedman described how he has spoken twice via videoconference to a group of inmates participating in Mr. Hourani's program, and that it was very well received. Mr. Hourani has chosen to use his experience and talents in prison to be a positive influence on others, and he has been effective in doing so.

2

While I do not in any way minimize the seriousness of Mr. Hourani's crime, for which he has served a lengthy sentence, I believe that people can change and that Mr. Hourani has demonstrated through his conduct that he has changed. He has dedicated himself to helping others avoid the mistakes that he made, and shown a commitment to integrity and self-examination that indicates he would be a productive and law-abiding member of society if he were released.

The clemency power of the executive, unlike the sentencing function of the judiciary, may consider reasons that lie beyond the statutory sentencing factors and guidelines that the court must apply: considerations such as whether mercy should be given in light of an offender's personal remorse and genuine reformation. After much reflection, I am writing to indicate that, from my review of Mr. Hourani's application and my knowledge of his progress and productivity in helping others while in prison, and in achieving what appears to be authentic rehabilitation, I would not object to a commutation of sentence in this case.

I appreciate your consideration of this letter and remain available to answer any questions concerning this matter should that be desired.

Sincerely,

Terrence Berg
United States District Judge

3